## CIRCUIT COURT OF THE CITY OF RICHMOND

John P. Watkins, Jr.

v.

Republic Lumber & Building Supply Corp.

July 24, 1978

Case No. B-110

By JUDGE MARVIN F. COLE

The defendant, Republic Lumber & Building Supply Corp., has requested a Subpoena Duces Tecum directed to Colonel D. M. Slane, Superintendent of the Department of Virginia State Police, for the production of the following documents and things, all of which pertain to the investigation and/or prosecution of the plaintiff for grand larceny:

1. The "Request and Assignment Sheet" which initiated the investigation of the larceny of building materials from Republic Lumber and Building Supply Corporation.

2. Any and all notes, correspondence, memoranda of phone calls or other information from Republic Lumber & Building Supply Corporation received by your office or employees regarding the investigation of the larceny of said building materials.

3. Any and all investigator reports, notes, correspondence, memoranda of phone calls or documents

in which the name of John P. Watkins, Jr., is mentioned as a suspect in the investigation of the larceny of building materials from Republic Lumber & Building Supply Corporation.

4. Any and all incriminating evidence whether in the form of statements or physical evidence found as a result of search and seizure at the time of the arrest of Leo Ready and John P. Watkins, Jr., whether such evidence was obtained pursuant to a lawful arrest or a search warrant.

5. Any notes, memoranda, documents, correspondence or tape recordings of statements made by John P. Watkins, Jr., and Leo Ready which may constitute admissions, confessions, or declarations that John P. Watkins, Jr., was guilty of grand larceny.

6. The names and addresses of the person or persons who first mentioned the name of John P. Watkins, Jr., as a suspect in the investigation of the larceny of building materials from Republic Lumber and Building Supply Corporation.

7. The notes, memoranda, test sheets, and conclusions of the person who administered a polygraph examination to John P. Watkins, Jr.

8. The list of questions asked of John P. Watkins, Jr., in said polygraph examination with an indication as to which questions received deceptive responses, if any in fact did.

9. The list of all persons interviewed during the State Police investigation of the larceny of building materials from Republic Lumber & Building Supply Corp., including names and addresses, with indications as to which persons provided statements or information implicating or incriminating John P. Watkins, Jr.

10. The names and addresses of all State Police personnel who participated in or carried on the inves-

tigation of the larceny of building materials from Republic Lumber & Building Supply Corporation.

11. The original or copies of any and all checks from any party, whatsoever, payable to the order of John P. Watkins, Jr., for building materials from Republic Lumber & Building Supply Corporation, which were discovered as a result of the State Police investigation.

The Attorney General on behalf of the Department of State Police has moved the Court to quash the subpoena, and has generally set forth the following reasons that the subpoena should be quashed:

(1) Files of the State Police pertaining to criminal investigations are privileged under Rule 4:1(b) in that the Freedom of Information Act (§ 2.1-342(b)(1)) excludes "memoranda, correspondence, evidence and complaints related to criminal investigations" and such matters are confidential.

(2) Disclosure of such investigatory materials could detract from effective law enforcement and is against the public interest, and that Rule 3A:14 provides for denial of discovery of police notes and statements by witnesses.

(3) That this is a matter within the discretion of the court and that the party seeking discovery should not be granted discovery unless he has shown a bona fide effort to obtain the information by independent investigation, and that the Court should deny discovery of the criminal files of the State Police.

Rule 4:1 provides the scope of discovery in civil cases as follows:

(b) <u>Scope of Discovery</u> - Unless otherwise limited by order of the court in accordance with these Rules, the scope of discovery is as follows:

(1) In General - Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the Pending action, whether it relates to the claim: or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

(2) [Not applicable.]

(3) Trial Preparation; Materials - Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or

its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 4:12(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

The Court is of the opinion that the Freedom of Information Act is not applicable to this case. The purpose of that Act was to permit members of the general public to inspect official records and to attend public meetings. The purpose was not to create a privilege, although certain categories are exempt from the Act. The Act does not prevent a court from issuing a subpoena for documents that may be exempt from public inspection under the Act.

The public policy of the State is to encourage pretrial discovery of facts in order that a just and fair trial may be had, therefore, the court cannot quash the subpoena based upon any public policy.

The only privilege that I think applicable to the Department of State Police is the privilege to keep the name of an informer confidential. Also, once the identity of the informer has been disclosed, the privilege is no longer applicable.

In The Law of Evidence in Virginia by Charles E. Friend, in commenting upon privilege of public officials, the following is stated:

There is some case law in Virginia supporting a privilege on behalf of public officials not to reveal sources of information. The early cases upheld the right of law enforcement officers testifying in criminal cases not to reveal the identity of informants.

This rule has been extended in Virginia to civil cases as well. This subject is, of course, now heavily affected by developments in constitutional and federal statute law which are beyond the scope of this work.

Wigmore perhaps has the most detailed treatise on privileged communications and reference is made to Sections 2367 and following.

I therefore refuse to quash the subpoena as to the Department of State Police and direct that they comply with the subpoena, but such compliance shall be narrowed and confined to the items set forth in Mr. Roberts's letter dated May 31, 1978. In the event that the Department of State Police claim that such production would disclose any informers privileged as set forth above, then they can simply black out such names and the disclosure of same will be taken up at a later date, if such becomes necessary.

The defendant, Republic Lumber & Building Supply Corporation, has requested a Subpoena Duces Tecum directed to Aubrey M. Davis, Jr., Commonwealth Attorney for the City of Richmond, for the production of the following documents and things, all of which pertain to the investigation and/or prosecution of the plaintiff for grand larceny:

1. Any notes, memorandum, documents, correspondence or tape recordings of statements made by J. P. Watkins, Jr., or Leo Ready which may constitute admissions, confessions, or declarations by either suspect that J. P. Watkins was guilty of grand larceny.

2. A list of all potential witnesses for the prosecution as determined by your office just prior to

each of the two trials and the addresses of these witnesses.

3. A list of all witnesses who actually testified at each of both trials, and an indication as to which trial they testified in if not in both.

4. Any and all notes, correspondence, memoranda of phone calls or other information from Republic Lumber and Building Supply Corporation or its directors, stock holders, agents, employees or servants received by your office during the course of the investigation and prosecution of John P. Watkins, Jr., for grand larceny.

5. The list of all exhibits both documentary and other physical evidence, presented by the prosecution in both trials with indications as to in which trial they were proffered, and whether they were accepted or rejected as such by the court.

6. Any and all incriminating evidence whether in the form of statements or physical evidence found as a result of search and seizure at the time of the arrest of Leo Ready and J. P. Watkins, Jr., whether said search was pursuant to a lawful arrest or search warrant.

7. Any and all reports, forms, memoranda, correspondence or tests from the State Police Department regarding their investigation of the larceny of building materials from Republic Lumber and Building Supply Corporation.

The Commonwealth Attorney of the City of Richmond moved to quash the Subpoena for the following reasons:

1. Attorney-Client privilege.
2. Attorney work product is not discoverable.

The Court agrees that the two above privileges may be available to the Commonwealth Attorney. The "work product" doctrine does not, however, offer absolute immunity, and discovery will be permitted in

some cases. In addition, the Commonwealth Attorney may be entitled to protect "informers" from disclosure as discussed above.

The Court is of the opinion that there is an absolute privilege between attorney and client. However, the Court is not of the opinion that the Commonwealth Attorney represents the public as individuals, but only as a collective group, which makes it difficult to determine what is privileged and what is not within the scope of the attorney-client privilege.

The Court is of the opinion that the only way for the Court to determine what is privileged and what is not privileged is for the court to view it in camera. Therefore, the Commonwealth Attorney should produce all of the documents requested in Mr. Roberts's letter of May 31, 1978, and he is permitted to black out the names of any informers whose name is wished protected, if any. The documents should then be divided into two categories, namely privileged and not privileged. The documents that are not privileged should be filed in the Clerk's Office in response to the subpoena duces tecum. The privileged documents should be sealed and delivered directly to me for review and determination if the document is in fact privileged.

The Court refuses to quash the subpoena issued to the Commonwealth Attorney, but modifies it in accordance with this letter, and in accordance with Mr. Roberts's letter of May 31, 1978.