# CIRCUIT COURT OF FAIRFAX COUNTY

Harpreet K. Singh et al.

v.

Henry Agbemble et al.

October 28, 2008

Case No. (Law) 2008-2577

■

■

BY JUDGE R. TERRENCE NEY

This matter came before the Court on September 19, 2008, upon the Motion of Lt. Andy Penn, of the Arlington County Police Department ("ACPD") to Quash Subpoena *Duces Tecum*. After argument, the Court took the matter under advisement.

## *Facts*

This Motion stems from a wrongful death action brought by Plaintiffs, Harpreet K. Singh and Prakash Singh, as the personal representatives of Simran Singh, their son, deceased. Simran Singh died on August 4, 2007, while traveling as a passenger in a vehicle with the Defendants Henry Agbemble, Stephen King, Rebecca Hein, and Irene Sarahan. Subsequent to the events of August 4, 2007, the Arlington County Commonwealth's Attorney, Richard E. Trodden, decided not to criminally prosecute any of the Defendants.

Plaintiffs served a subpoena *duces tecum* on Lt. Penn seeking to compel him to allow an inspection of the vehicle involved in the events of August 4, 2007, as well as access to the entire criminal investigation file relating to the

death of Simran Singh. A Motion to Quash addressing inspection of the vehicle was decided by this Court on May 30, 2008. On that date, an Order was entered allowing for a limited inspection of the vehicle, but did not address the criminal investigation file.

## Analysis

At the hearing on September 19, 2008, Lt. Penn, through counsel, argued that police investigatory files are privileged and not subject to discovery in civil cases. In support of his argument, Lt. Penn relied in part on a decision by the Virginia Supreme Court issuing a Writ of Prohibition[1] to an Order from the Richmond Circuit Court which required the Virginia Department of State Police to disclose its investigative files. *Watkins v. Republic Lumber & Bldg. Supply Corp.*, 2 Va. Cir. 463 (Richmond 1978).

*Watkins v. Republic Lumber & Bldg. Supply Corp., Id.*, the underlying case upon which the decision of *In re Commonwealth of Virginia*, 41 Va. Cir. 571 (1978), was based, involved a defendant in a civil suit who requested investigatory files from the Virginia State Police pertaining to the investigation and/or prosecution of the plaintiff for grand larceny. *Watkins v. Republic Lumber & Bldg. Supply Corp.*, 2 Va. Cir. 463 (Richmond 1978). The Virginia State Police moved to quash the subpoena, citing the Virginia Freedom of Information Act and the Virginia Supreme Court rules governing limits on discovery. *Id.* at 465. The Circuit Court refused to quash the subpoena on the grounds that the Virginia Freedom of Information Act did not apply and ordered the Virginia State Police to submit the requested information for an *in camera* inspection to determine what was and was not privileged. *Id.* at 467-70.

The Virginia State Police filed a Writ of Prohibition in the Virginia Supreme Court. That Court granted the Writ and ordered "the said circuit court to refrain and desist from enforcing any order requiring the petitioner to disclose its investigative files concerning [the plaintiff], or any other person." *In re Commonwealth of Virginia, Department of State Police*, 41 Va. Cir. 571 (1978).

Unlike *Watkins*, here, Plaintiffs do not seek evidence of Defendants' convictions or investigations of matters unrelated to the death of Simran Singh. Rather, Plaintiffs seek to gather information relating to their son's death in order to prepare for the wrongful death action that they are pursuing against Defendants. These facts plainly differ from *In re Commonwealth of*

---

[1] In re Commonwealth of Virginia, Department of State Police, 41 Va. Cir. 571 (1978).

*Virginia* and the underlying *Watkins* case. As a result, *In re Commonwealth of Virginia* is not dispositive of this matter. Put differently, the Virginia Supreme Court did not and has not held that all police investigatory files are privileged.

The Freedom of Information Act, however, is, in fact, dispositive. Section 2.2-3706(F) provides that "[t]he following records . . . *may* be disclosed by the custodian, in his discretion, except where such disclosure is prohibited by law: Complaints, memoranda, correspondence, case files or reports, witness statements, and *evidence relating to a criminal investigation* or prosecution, other than criminal incident information. . . ." Virginia Freedom of Information Act, § 2.2-3706(F) and (F)(1) (2008) (emphasis added). Criminal incident information is defined as, "a general description of the criminal activity reported, the date and general location the alleged crime was committed, the identity of the investigating officer, and a general description of any injuries suffered or property damaged or stolen." Virginia Freedom of Information Act, § 2.2-3706(A) (2008).

This Court finds that a criminal investigation file clearly falls under § 2.2-3706(F) and (F)(1) as a record to be disclosed at the *discretion* of the custodian and does not fall within the exception of "criminal incident information."

Previous decisions and orders from this Circuit Court have repeatedly recognized that police investigatory files are privileged. *See Barnes v. Barnes*, Ch. No. 137601 (Fairfax January 25, 1995) (Order granting Motions of the City of Fairfax to Quash Subpoena Duces Tecum); *Peterson v. Charles E. Smith, Inc., et al.*, Law No. 56292 (Fairfax July 2, 1982) (Order granting the Motion of the Chief of Police of Fairfax County to Quash Subpoena Duces Tecum); *DuBrueler v. DuBrueler*, Ch. No. 56868 (Fairfax August 15, 1978) (Opinion granting the Motion of the Fairfax Police Department to Quash Subpoena Duces Tecum). In addition to the decisions of this Court, in 2001, the Prince William County Circuit Court ruled that "criminal investigative files of the police should be afforded an absolute privilege against disclosure. . . ." *Decker v. Watson*, 54 Va. Cir. 493, 496 (Prince William 2001). A 2006 decision from the Arlington County Circuit Court followed suit, granting a Motion to Quash Subpoena *Duces Tecum* for Police Records filed by the Arlington Chief of Police and stating that criminal investigations are privileged and not subject to disclosure under the law. *Chavez v. Commonwealth of Virginia*, Law No. 06-1078 (Arlington November 17, 2006). A subsequent petition for appeal to the Virginia Supreme Court was denied, that Court stating that there was no reversible error in the Arlington County decision. *Chavez v. Commonwealth of Virginia*, Rec. No. 070845 (Va. August 8, 2007).

Finally, this Court recognizes the public interest in keeping police records confidential. At the same time, it must take into consideration the facts of this case as well as the interests of the Plaintiffs in this matter. Plaintiffs allege that they need the criminal investigation file in order to "identify their expert witnesses," and "obtain relevant information and documents." Plaintiffs' Opposition to Motion to Quash, p. 4. After review, this Court finds that the nine page letter directed to Plaintiffs from the Commonwealth's Attorney, Richard E. Trodden, dated January 23, 2008, detailing his decision not to prosecute this case is more than sufficient for Plaintiffs to achieve their discovery purposes. Indeed, his disclosure was far greater than required by the Virginia Freedom of Information Act, § 2.2-3706(A) (2008).

The Motion to Quash Subpoena *Duces Tecum* is granted in favor of Lt. Penn and the Arlington County Police Department.